Filed 8/18/2025 4:15 PM
Meagan Moore, District Clerk
Angelina County, Texas
By: Kimberly Scott, Deputy Clerk

CAUSE NO. CV-00483-25-08 _____

| | | |
|---|---|---|
| ALBERTO SANABRIA AND ANGELIQUE HALL | § § § | IN THE DISTRICT COURT |
| v. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| TRAVELERS PERSONAL INSURANCE COMPANY | § § § | ANGELINA COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Alberto Sanabria and Angelique Hall, file this original against Defendant, Travelers Personal Insurance Company and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of TEXAS RULE OF CIVIL PROCEDURE 190.3.

### PARTIES

2. Plaintiffs, Alberto Sanabria and Angelique Hall, are individuals residing in Angelina County at 3725 S Hwy 103 W., Lufkin, TX 75904.

3. Defendant, Travelers Personal Insurance Company (hereinafter referred to as "Travelers", a foreign insurance carrier, organized and existing under the laws of Connecticut and authorized to conduct business in Texas, may be served with process by serving its designated agent for service of process, Corporation Service Company, in Travis County, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION

4. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

5.  Plaintiff seeks monetary relief pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(3).

6.  Venue in Angelina County is proper in this cause pursuant to § 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### RULE 28. TEXAS RULES OF CIVIL PROCEDURE

7.  To the extent that any of the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of TEXAS RULE OF CIVIL PROCEDURE 28, and Plaintiff hereby demands that upon answering this suit, that Defendant answer in its correct legal name and assumed name.

### REQUEST FOR DECLARATORY JUDGMENT

7.  Plaintiff seeks declarations pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code also known as the Uniform Declaratory Judgment Act.

8.  Plaintiff seeks a declaration of the rights and privileges of the parties to this suit with regard to the vandalism provision of insurance policy 616752354-633-1.

### BACKGROUND FACTS

9.  The underlying incident occurred on or about February 3, 2025. At that time, Plaintiff made a claim with Travelers for vandalism and property damage occurring to the property located at 1707 Spruce St., Lufkin, Texas.

## SUIT FOR BREACH OF CONTRACT & FAILURE TO PAY PLAINTIFF'S LIQUIDATED CLAIM

10. Defendant's actions as described herein constitute a breach of contract committed upon Plaintiffs in violation of Texas law causing damage to Plaintiffs for which they now sue.

11. December 9, 2024, Plaintiffs purchased the Travelers policy and was provided with a copy of the insurance policy including any endorsements or amendments.

12. February 3, 2025, Plaintiffs made a claim with Travelers for vandalism and property damage occurring to the property located at 1707 Spruce St., Lufkin, Texas.

12. February 24, 2025, Travelers inspected the damage occurring to the house. Thereafter, Plaintiffs requested Travelers to provide information regarding Defendant's acceptance of the claim and Defendant's finalization of the claim.

13. March 27, 2025, Defendant denied the claim.

14. Plaintiffs have repeatedly requested that Defendant explain its legal and factual basis for refusing to pay Plaintiffs' claim under the express terms of the policy and as required by state law. In response, Defendant Travelers has stated that the policy was not in effect when the damage occurred. Plaintiff, through Counsel, has requested any legal or factual basis supporting Travelers' denial of this claim. Travelers

has stated that such information will only be disclosed through discovery after a lawsuit is filed.

## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

15. Under Texas law, Defendant Travelers owes its insured a duty of good faith and fair dealing. *Universal Life Insurance. Co. v. Giles*, 950 S.W.48 (Tex. 1997). Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurers liability is reasonably clear, as it is in this case.

16. Defendant Travelers further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning Plaintiffs' claims. Specifically, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

17. In violation of the Unfair Claim Settlement Practices Act, Defendant Travelers and its agents, employees and representatives, conducted prohibited acts and practices including, but not limited to, the following:

1. Knowingly misrepresenting to claimant pertinent facts or policy provisions relating to coverages at issue;

2. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policy;

3. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policy;

4. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

5. Compelling policyholder to institute suit to recover amounts due under its policy by offering substantially less than the amounts ultimately recovered in suits brought by them; or,

6. Failure of any insurer to maintain information required by §542.005. Thus, due to Defendant Travelers's breach of the duty of good faith and fair dealing and Defendant's failure and refusal to pay Plaintiff's claim(s), Plaintiff has incurred actual damages, including:

   1. All benefits owed under the policy;
   2. Additional interest due to the delay in payment of this claim; and
   3. Attorney fees.

## STATUTORY VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

18. The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." *See* §541.008 of the Texas Insurance Code.

19. In violation of Chapter 541 of the Texas Insurance Code, Defendant knowingly[1] and intentionally engaged in unfair methods of competition and unfair and deceptive acts or practices in the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an insured or beneficiary including, but not limited to:

1. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

   A) a claim with respect to which the insurer's liability has become reasonably clear;
   B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

3. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

4. Failing within a reasonable time to affirm or deny coverage of a claim.

**MISREPRESENTATION OF INSURANCE POLICY**

20. Further, pursuant to §541.061 of the Texas Insurance Code, Defendant has engaged in unfair methods of competition or unfair or deceptive acts or practices in the

---

[1] Under Article '541.002 of the Texas Insurance Code, "**Knowingly**" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim under Subchapter D is based. "Actual awareness" may be inferred if objective manifestations indicate that a person acted with actual awareness.

business of insurance to misrepresent an insurance policy by:

1. making an untrue statement of material fact;

2. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

3. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; or

4. making a material misstatement of law.

## STATUTORY VIOLATIONS
## OF TEXAS INSURANCE CODE 542.051 - 542.061

21. In the processing of Plaintiff's claims, Defendant Travelers knowingly and intentionally violated Texas Insurance Code §542.055 - §542.058. Because Defendant is 1) liable to Plaintiff for a claim under the insurance policy and 2) not in compliance with this subchapter, the insurer [Defendant] is "liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney fees." If a suit is filed, the attorney fees shall be taxed as part of the costs in the case. Plaintiff further asserts that Defendant is liable for a separate 18% penalty for each separate violation of this subchapter.

## REMEDIES ARE NOT EXCLUSIVE

22. Further, pursuant to §542.061 of the Texas Insurance Code, the remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law.

## **DECEPTIVE TRADE PRACTICE CLAIMS**

23. Plaintiffs purchased a policy of insurance and paid valuable consideration in the form of premiums to Defendant Travelers for protection and for coverage in the event of a loss. As a consumer, Plaintiffs are entitled to the protections afforded by the Texas Legislature. Specifically, the legislature enacted the Texas Deceptive Trade Practice - Consumer Protection Act (DTPA) which requires that the Act "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."

24. Pursuant to the D.T.P.A., it is unlawful to engage in false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Defendant Travelers and its agents, employees, and representatives have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices including, but not limited to, the following:

> 1. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

   2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

   3. Advertising goods or services with intent not to sell them as advertised;

   4. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law; and,

  25. Pursuant to §17.50 of the D.T.P.A., Plaintiffs to their detriment, relied upon the statements, representations and warranties of Defendant Travelers, its agents, employees or representatives in deciding to purchase insurance with Defendant as well as initially trusting Defendant to properly and timely handle her claims. Moreover, the actions and the course of action of Defendant, its agents, employees and representatives have been unconscionable, including but not limited to the use or employment of acts or practices in violation of Chapter 541 and 542 of the Texas Insurance Code which have been and continue to be a producing cause of economic damages and mental anguish suffered by Plaintiff. As such, Plaintiff is entitled to maintain an action against Defendant as well as its agents, employees and representatives for such prohibited acts or practices. Plaintiff seeks recovery of all damages allowed by law for Defendant's violation of the D.T.P.A. including all actual damages owed

under the policy, mental anguish, treble damages, attorney fees, pre and post judgment interests and costs of court.

## FRAUD

26. The elements of a cause of action for common-law fraud are the following:

    1. The Defendant made representation to the Plaintiffs.

    2. The representation was material.

    3. The representation was false.

    4. When the Defendant made the representation, the Defendant

       (1) knew the representation was false, or
       (2) made the representation recklessly, as a positive assertion, without having knowledge of its truth.

    and

    5. The Defendant made the representation with the intent that the Plaintiff act on it.

    6. The Plaintiffs relied on the representation.

    7. The representation caused the Plaintiffs injury.

## ATTORNEY FEES

27. As a result of Travelers' action(s) complained of in this Petition, Plaintiff was required to engage the services of the law firm of **MIKE LOVE & ASSOCIATES, L.L.C.**, and in order of this Declaratory Judgment Action. Plaintiff, therefore, seeks

reimbursement of reasonable attorney fees pursuant to CH 37 CPRC, Ch. 542 Insurance Code and the DTPA.

## REQUEST FOR JURY TRIAL

28. Plaintiffs respectfully assert their right to trial by jury.

## PRAYER

29. For these reasons, Plaintiffs ask that the Court issue citation for Defendant, Travelers Personal Insurance Company, to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

    a. Actual damages;

    b. Prejudgment and postjudgment interest;

    c. Statutory damages;

    d. Exemplary damages;

    e. Attorney fees;

    f. Court costs; and,

    g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**MIKE LOVE & ASSOCIATES, L.L.C.**
202 E. Lufkin Ave.
Lufkin, Texas 75901
Tel. 936.632.2000
Fax. 936.632.2005


By: /s/ Sam Johnson
    Sam Johnson
    State Bar No. 24047672
    sam.johnson@texaslawoffice.com
    Dakoda Fandry
    State Bar No. 24105848
    dfandry@texaslawoffice.com